# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GERALD THOMAS**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 07-9450**

**GARRETT PARKER, ET AL.**                           **SECTION:  "J"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Gerald Thomas, filed this *pro se* and *in forma pauperis* complaint against Garrett Parker and Kimberly Williamson Butler.  Because plaintiff's claims were unclear from the complaint, the undersigned scheduled a <u>Spears</u> hearing in this matter for January 23, 2008, and sent notice of that hearing to plaintiff at the B.B. "Sixty" Rayburn Correctional Center, his address of record.[1]  When that notice was returned by the United States Postal Service as undeliverable, the Court called the prison and was told that plaintiff was released from custody on December 20, 2007.  Because plaintiff's whereabouts were unknown, the <u>Spears</u> hearing was canceled.[2]

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when

---

[1] Rec. Doc. 5.  <u>See</u> <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).  "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).

[2] Rec. Doc. 8.

a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Mail sent by this Court to plaintiff at the B.B. "Sixty" Rayburn Correctional Center, his address of record, was returned as undeliverable more than thirty days ago, i.e. on January 2, 2008.[3]  As noted, the Court has confirmed that plaintiff is no longer incarcerated at that facility, and plaintiff has not filed a change of address in this federal record.

The Court further notes that the complaint plaintiff signed contained the following declaration:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4]  Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

In light of the foregoing, it is appropriate to dismiss this action for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed.R.Civ.P. 41(b).  The court's power to dismiss for want of prosecution should be used

---

[3] Rec. Docs. 6 and 7.  Subsequent correspondence sent to plaintiff at that address has also been returned as undeliverable.  Rec. Doc. 9.

[4] Rec. Doc. 1, p. 5.

sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, mail sent to plaintiff has been returned as undeliverable, the Court has confirmed that he is no longer incarcerated at his address of record, and he has failed to file a change of address in this federal record despite acknowledging on his complaint that he was aware of his obligation to do so.  Due solely to plaintiff's failure to meet that obligation, this Court has no way to schedule a Spears hearing in this matter or to otherwise advance his case on the docket.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of February, 2008.



SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

3